07 CV 4598

JUDGE KAPLAN

284-07/MEU/MAM
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
RODINO SHIPPING CO. LTD.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)
Manuel A. Molina (MM 1017)

MAY 31 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RODINO SHIPPING CO. LTD.,                                    07-Civ_____ (   )

                        Plaintiff,

        - against -                                          **VERIFIED COMPLAINT**

UNICORN STEEL FZE,

                        Defendants.
------------------------------------------------------------x

Plaintiff, RODINO SHIPPING CO. LTD. (hereinafter "RODINO"), by its attorneys Freehill, Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant UNICORN STEEL FZE (hereinafter "UNICORN"), alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Jurisdiction is also proper pursuant to the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331. Federal jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

NYDOCS1/284106.1

2. At all times relevant hereto, Plaintiff RODINO was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Fortuna Court, "Block B", 284 Arch. Makarios III, AV., POB 132, Limassol-Cyprus.

3. At all times relevant hereto, Defendant UNICORN was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and place of business at PO Box 17852, Jebel Ali, Dubai, United Arab Emirates.

4. On or about March 30, 2007, Plaintiff RODINO, as owner, and Defendant UNICORN, as charterer, entered into a maritime contract of charter party on an amended Americanized Welsh Coal Charter form for the use and operation of the M/V ALBA to carry approximately 70,000 metric tons, 10% more or less in the owner's option, bulk iron ore from Tubaro, Brazil to Bourgas, Bulgaria at an agreed freight rate and subject to other conditions set forth in the charter party.

5. The vessel completed loading on May 1, 2007 bills of lading were issued and released on the same day.

6. Pursuant to clause 48 of the charter party, 100% of the freight charges in the amount of $2,344,773.60, without deduction, was to have been paid by UNICORN within five days of signing/releasing of the bills of lading.

7. In breach of the charter party, UNICORN paid only $1,000,000.00 on May 22, 2007.

8. Despite due demand and in further breach of the charter, UNICORN has failed to pay the outstanding freight in the sum of $1,344,773.60.

9. As a result of Defendant UNICORN's failure to pay the freight as agreed, in accordance with Clause 48 of the charter party, Plaintiff RODINO ordered the vessel not to enter Bulgarian territorial waters.

10. Pursuant to Clause 48 of the charter party, Plaintiff RODINO is entitled to recover liquidated damages for detention of the vessel at the demurrage rate of $34,000.00 per day from the time the vessel was stopped outside Bulgarian territorial waters on May 25, 2007 until such time as the outstanding freight is paid

11. At present, Defendant UNICORN owes detention in the amount of $201,875.00. This figure will continue to increase by $34,000.00 per day until such time as the freight is paid or Plaintiff RODINO ultimately sells the cargo in satisfaction of its contractual lien for the outstanding freight and detention charges.

12. RODINO has commenced arbitration in London against UNICORN in which RODINO seeks to recover for the wrongful failure to pay freight and detention. RODINO expressly reserves the right to arbitrate the merits of its dispute in London.

13. RODINO brings this action in order to obtain security for its claims in London arbitration against UNICORN.

14. Upon information and belief, and after investigation, Defendant UNICORN cannot be "found" within this district for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising of, *inter alia*, cash, funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of the Defendant (hereinafter, "ASSETS"), including but not limited to "ASSETS" at, being transferred through, or being transfered and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

15. As best as presently can be computed, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by RODINO against UNICORN includes:

(a) Outstanding freight charges in the amount of $1,344,773.60;

(b) Outstanding detention as of May 31, 2007 in the amount of $201,875.00;

(c) Detention for the period June 1 to June 10, 2007 in the amount of $340,000.00;

(d) Interest on the above items of damage in the sum of $238,646.39, calculated at the rate of 6.0% per annum, compounded quarterly for a period of two years (when it is anticipated an arbitration award will be issued), which interest is recoverable under English law; and

(e) Legal fees, arbitrator fees and costs incurred by RODINO in respect to the London arbitration award which are recoverable pursuant to English law, and which, pursuant to the advices of English solicitors, are estimated to be in the sum of $200,000.00.;

**For a total sought to be attached of $2,325,294.99.**

WHEREFORE, Plaintiff RODINO SHIPPING CO. LTD. prays:

a. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged, failing which a default will be taken against it in the principal amount of $1,886,648.60 plus interest, costs and attorneys fees;

b. That since Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant, up to and including the sum of **$2,325,294.99**, be restrained and attached, including but

not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, debts, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of the Defendant (collectively "ASSETS"), including but not limited to such "ASSETS" as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein; and

c.  That this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary; and,

d.  For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       May 31, 2007

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
RODINO SHIPPING CO. LTD.

By: _____
    Michael E. Unger (MU 0045)
    80 Pine Street
    New York, NY 10005
    (212) 425-1900 / fax (212) 425-1901

## ATTORNEY VERIFICATION

State of New York      )
                       ) ss.:
County of New York  )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
31sth day of May, 2007.

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/ 08

NYDOCS1/284106.1                                6